**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

In Re: NEIL GILLESPIE,

                                        Bankruptcy Case No. 3:19-bk-808-3F3

    Debtor.

NEIL GILLESPIE,

    Appellant,

vs.                                              Case No. 5:19-cv-585-Oc-34

REVERSE MORTGAGE SOLUTIONS, INC.,

    Appellee.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Appellant's Response to Order to Show Cause Doc-011 (Doc. 14; Feb. 3 Response), filed on February 3, 2020; Appellant's Amended Motion to File Electronically (Doc. 15), filed on February 4, 2020; Appellant's Amended Motion for Extension of Time to File Initial Brief (Doc. 16), filed on February 4, 2020; and Appellant's Addendum to Response to Order to Show Cause Doc-011 (Doc. 17; Addendum to Response), filed on February 4, 2020.

On January 13, 2020, the Court ordered Appellant to file his initial brief on or before February 3, 2020, and to show cause by a written response filed by February 3, 2020, why this bankruptcy appeal should not be dismissed for failure to prosecute. See Order (Doc. 11; Order to Show Cause). In that Order, the Court cautioned Appellant that his failure to respond could result in dismissal of this action without further notice. Id. On February 3, 2020, Appellant filed his Feb. 3 Response, which apparently, was not his complete

response. See Feb. 3 Response ¶ 10. Indeed, Appellant states "[t]he time in Ocala Florida is now 3:00 PM. I must stop work on this response to show cause so I can drive to the courthouse to file this partial response in paper. But I have more to say, more to write, and assert my First Amendment right to speech and right to petition the government for a redress of grievances." See id. Not surprisingly, on February 4, 2020, Appellant filed the Addendum to Response.

Before turning to the merits of the issues raised in Appellant's filings, the Court will address some global concerns presented in these documents. First, the Court notes that in both his responses to the Court's Order to Show Cause and his motions, Appellant inexplicably includes arguments that are wholly irrelevant to the issues addressed or the precise relief he requests in each such filing. For example, in his Feb. 3 Response and in both motions, Appellant makes the unrelated assertion that "[t]he alleged Appellee, Reverse Mortgage Solutions, Inc., (RMS) does not have standing in this appeal. . ." See Doc. 14 ¶ 3; Doc. 15 ¶ 6; Doc. 16 ¶ 3. Appellant's responses contain especially extraneous statements, including: "counsel for RMS, McCalla Raymer Leibert Pierce, LLC, failed to file notice of appearance in Case No. . ." (Doc. 14 ¶ 4) and "I do not believe this Court can adequately adjudicate this matter, see the attached adversary proceeding. . ." (¶ 12).[1] The Court reminds Appellant of Rule 3.01(a), Local Rules, United States District Court, Middle District of Florida, (Local Rule(s)), which states in relevant part: "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis of the request, and a memorandum of legal authority

---

[1] In addition, Appellant attaches lengthy documents to his Feb. 3 Response without sufficiently explaining how they serve as the basis of his response or as legal authority in support of his response. See generally Doc. 14; see also Doc. 14 Exs. A, B, C, D.

in support of the request. . ." See Local Rule 3.01(a) (emphasis added). The inclusion of unrelated arguments and claims is improper and results in a waste of judicial resources. The Court declines to consider any arguments unrelated to the specific issue to be addressed or relief requested in a particular filing. Additionally, the Court cautions Appellant that inclusion of immaterial arguments may result in the Court striking future filings.

Next, the Court notes that Appellant's motions ignore the Court's previous admonitions. On two separate occasions, the Court has cautioned Appellant that he must comply with the Local Rules of this Court. See Order (Doc. 6) at nn. 1, 3; Order (Doc. 10). In fact, in the Order (Doc. 10) entered on December 23, 2019, the Court specifically denied Appellant's previous motions (Docs. 7, 8, and 9) for failure to comply with Local Rule 3.01(g). See Doc. 10. Such an order entered by the Court in this action should have sufficed to ensure Appellant's compliance with all of the Court's Local Rules, and most certainly Local Rule 3.01(g). Despite this, in his motions Appellant again fails to include certifications under Local Rule 3.01(g) confirming that Appellant conferred with counsel for Appellee in a good faith effort to resolve the issues raised by the motions and advising the Court whether counsel for Appellee agreed to the relief requested. See generally Doc. 15; Doc. 16. Remarkably, Appellant goes so far as to assert his belief that as a pro se party, he need not comply with this Local Rule. See Doc. 15 ¶ 7; Doc. 16 ¶ 4. This assertion is decidedly false. Pro se parties must act in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 3.01(g). See, e.g., Bashore v. Performance Plumbing of Sw. Fla., Inc., No. 2:14-CV-296-FTM-29CM, 2014 WL 3846283, at *1 (M.D. Fla. Aug. 5, 2014) (citing Loren v. Sasser, 309 F.3d 1296, 1304

(11th Cir. 2002)).  "Failure to do so could result in the denial of any motions or requests for relief from the Court."  Id.

Reviewing the relevant portions of Appellant's responses, the Court finds that Appellant has failed to show good cause for his failure to timely file his initial brief. Therefore, the Court declines to discharge its Order to Show Cause directing Appellant to show cause by a written response why this bankruptcy appeal should not be dismissed for failure to prosecute pursuant to Local Rule 3.10.  Nevertheless, the Court will exercise its discretion to provide Appellant a final opportunity to file his initial brief.  The Court cautions Appellant that failure to timely file an initial brief will result in dismissal of this action without further notice.

Because Appellant has again failed to comply with the rules of this Court, his motions will be denied without prejudice, subject to renewal after Appellant confers with opposing counsel as required by Local Rule 3.01(g).

In light of the foregoing it is hereby

**ORDERED**:

1. Appellant shall have until **March 16, 2020**, to file an initial brief.  Failure to do so will result in dismissal of this bankruptcy appeal without further notice.

2. Appellant's Amended Motion to File Electronically (**Doc. 15**), and

Appellant's Amended Motion for Extension of Time to File Initial Brief (**Doc. 16**), are **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers on February 11, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:

Counsel of Record
Pro Se Parties